## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMAR HARDY, R72738,      )
                                  )
                  Plaintiff,     )
                                  )
vs.                               )       Case No. 24-cv-2289-DWD
                                  )
BRANDI DUNBAR,        )
JOLEEN KLUMP,         )
                                  )
                Defendants.   )

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Lamar Hardy, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for ear pain, and by failing to accommodate his needs in accordance with the Americans with Disabilities Act (ADA, 42 U.S.C. §§ 12132, 12203).

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that he began to experience ear pain on October 30, 2022, so he began to lodge sick call slips.  (Doc. 1 at 6).  The pain intensified, leading to hearing loss, earaches, migraines, and discomfort while sleeping.  On November 10, 2022, Defendant Brandi Dunbar called Plaintiff to nurse sick call where he explained his pain and discomfort.  Upon realizing she did not have the proper tools to examine Plaintiff's ear, she told him he would have to be rescheduled.  He asked to be sent straight to the healthcare unit for further examination, but she declined.  Dunbar did not provide anything to alleviate his pain.

On November 24, 2022, Plaintiff saw Dunbar a second time at nurse sick call.  She removed the proper ear exam tools from her bag, but then realized she forgot to bring batteries.  She tried to send Plaintiff away to be rescheduled a second time, but he protested.  After explaining his plight to an officer, Plaintiff was sent to first aid.  He was examined by a non-party nurse and nurse practitioner who initially declared he was fine. Despite their insistence that he was fine after looking at his ear, he asked for an ear wash. Plaintiff alleges that when his ear was flushed, two dead bugs were removed.  He faults Defendant Dunbar for denying and delaying his access to care, which forced him to suffer in pain.

He alleges after the ear flush incident he began to experience hearing loss in his left ear.  Plaintiff started to write request slips to Defendant Joleen Klump, the prison's

ADA coordinator.  After a five month wait, he was seen for a hearing screening, which he alleges he failed.  He was then told he would have to wait for a second screening.  Six months later he attended a second hearing screening, at which point he alleges a non-party nurse "downplayed" the fact that he could not hear the machine.  Plaintiff claims that he continues to write Defendant Klump to ask for hearing accommodations, and to ask for another hearing test.  He claims she has refused to act on his request for accommodations and has refused any further tests.  Plaintiff claims that because Klump has not addressed his loss of hearing, it is an ADA matter.  He also faults Klump for exhibiting deliberate indifference to his serious medical need.  (Doc. 1 at 7).

Plaintiff included medical records that show a bug was removed from his ear on November 24, 2022.  (Doc. 1 at 11-12).  He was prescribed Motrin after the removal.

Plaintiff seeks monetary compensation and an ADA accommodation.  He claims he can no longer hear out of his left ear.  (Doc. 1 at 13).

Based on the allegations in the Complaint, the Court will designate the following claims:

**Claim 1:**     **Eighth Amendment deliberate indifference claim against Defendant Dunbar for her handling of Plaintiff's ear pain;**

**Claim 2:**     **Eighth Amendment deliberate indifference claim or ADA accommodation claim against Defendant Klump for delaying or denying hearing screenings to verify Plaintiff's hearing loss and failing to accommodate his hearing loss.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without

prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

### Claim 1

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Plaintiff alleges that Defendant Dunbar made him wait for two weeks with severe pain in his ear because she did not bring the proper medical device to examine his ear the cellhouse during sick call. Dunbar allegedly almost delayed care a second time for the same reason, but after Plaintiff insisted, he was taken to the first aid station for assistance. There, other medical personnel performed an ear flush that removed a bug from his ear. He alleges that both while the bug was stuck and then afterwards he suffered hearing

loss. Here, it is debatable if Plaintiff's situation, a bug in his ear that he alleges caused serious pain, constitutes a serious medical condition. However, he also alleges that both while the bug remained stuck and afterwards, he suffered hearing loss in his left ear. Hearing loss tips the scale in favor of finding that Plaintiff has at least alleged a plausible claim for deliberate indifference against Defendant Dunbar, so he may proceed on Claim 1.

**Claim 2**

Plaintiff alleges that after the bug and ear flush incident, he has continued to experience a decline in his ability to hear with his left ear. He alleges that he has contacted Defendant Klump (the ADA coordinator), but she has delayed hearing screenings and has not afforded him any accommodation. He alleges he waited about five months for the first hearing screening, and about seven additional months for a second screening. On both occasions, he alleges that he was found to be hard of hearing, but he has yet to receive any further testing or any assistance for his situation.

While it is not implausible that Plaintiff could state a claim related to hearing loss, he has not sufficiently described the extent or impact of his hearing loss to state a claim under the Eighth Amendment or the ADA. For example, is his hearing diminished, muffled, or completely gone in his left ear? How does this impact his daily prison life? Are there particular activities or services he is unable to access? *See e.g., Irby v. Sumnicht, 683 F.Supp.2d 913 (W.D. Wisc. Feb. 5, 2010)* (finding that an inmate failed to state an Eighth Amendment or ADA claim related to only having a hearing aid for one but not both ears where he did establish any prison activities or service that he could not

participate in).  Without any indication of the extent or impacts of Plaintiff's hearing loss, Plaintiff's allegations against Defendant Klump are insufficient to proceed.

**Disposition**

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendant Brandi Dunbar.  By contrast, **Claim 2** is dismissed in full for the reasons stated herein.  The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Joleen Klump.

The Clerk of Court is **DIRECTED** to prepare for Defendant Brandi Dunbar: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

Dated: November 19, 2024

DAVID W. DUGAN
United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.