IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LAMAR HARDY, R72738, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-2289-DWD |
| | ) | |
| BRANDI DUNBAR, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Lamar Hardy, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges that Defendant Dunbar refused or failed to provide treatment for painful ear issues in November of 2022. Dunbar has moved for summary judgment (Doc. 35) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff responded timely (Doc. 39), and the matter is now ripe for consideration. For reasons explained, Defendant's Motion is denied, and Defendant shall have 14 days to request an evidentiary hearing if she wishes to further pursue this affirmative defense.

### BACKGROUND

Plaintiff initiated this lawsuit by filing a Complaint on September 18, 2024. (Doc. 1 at 13). Plaintiff alleged that Dunbar saw him during sick call on November 10, 2022,

but lacked the right tools to examine his ear, and she saw him again on November 24, 2022, but still lacked batteries for the tools needed to examine his ears.  Thus, he alleged that on two occasions he saw Dunbar for serious ear pain, but she refused to help.  He alleged that on the 24th he pleaded with the sergeant, was sent to the healthcare unit, and had two bugs extracted from his ears via an ear flush.  He alleged that the delayed care left him suffering in pain and permanently diminished his hearing.

The Court allowed Plaintiff to proceed on the following claim:

**Claim 1:** **Eighth Amendment deliberate indifference claim against Defendant Dunbar for her handling of Plaintiff's ear pain.**

(Doc. 9 at 3).

The parties undertook discovery on the exhaustion of administrative remedies, and in doing so they have identified two grievances relevant to the exact claims in this case.

### FINDINGS OF FACT

In the original complaint, Plaintiff attested that he had exhausted his administrative remedies and indicated that grievance numbers 220-12-22 and 462-5-23 constituted his attempts to exhaust his claims.  (Doc. 1 at 4-5).  With the complaint he submitted two slips from the prison indicating that these grievances were received at the prison and expedited for emergency processing by the CAO.  (Doc. 1 at 8-9).

Records that Defendant Dunbar submitted with the Motion for Summary Judgment contain a copy of grievance 220-12-22.  (Doc. 35 -3 at pp. 33-39).  The grievance clearly and unequivocally complains that Plaintiff sought medical care for his ear at sick

call on November 10, 2022, and that when he returned again on November 24, 2022, Dunbar lacked batteries for the exam equipment and refused any other care. (Doc. 35-3 at 35-36). Plaintiff goes on to describe asking a sergeant for help, being sent to the medical unit, and having bugs washed out of his ear. (*Id.*). Plaintiff filed the grievance December 19, 2022, and the warden deemed it an emergency on December 21, 2022. (Doc. 35-3 at 35). The grievance office consulted the healthcare unit and received a response on May 25, 2023, indicating that Plaintiff's ear was flushed as he described, and he was eventually seen in April of 2023 for a hearing screening. (Doc. 35-3 at 33-34, 49). The grievance officer recommended that the grievance be denied as moot, and the Warden concurred on July 19, 2023. (Doc. 35-3 at 33).

Defendant argues that Plaintiff did not properly appeal grievance 220-12-22 to the Administrative Review Board (ARB). In support of this contention, Defendant submitted a declaration from Michael Clemmons, an ARB chairperson. (Doc. 35-5). Clemmons attested that he reviewed Plaintiff's grievance records for appeals from September 1, 2022, through October 4, 2024. (Clemmons Decl., Doc. 35-5 ¶ 13). Clemmons located three appeals that Plaintiff properly transmitted to the ARB, but attested they were not relevant to this case. (*Id.* at ¶¶ 16-18). Clemmons further attested that the ARB records do not contain any other appeals by Plaintiff during the relevant timeframe. (*Id.* at ¶ 19).

Plaintiff counters in his signed response to summary judgment that he gave his relevant grievances to Menard staff for transmission to the ARB, but the grievances were confiscated or not sent. (Doc. 39 at 1).

**CONCLUSIONS OF LAW**

A.  Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).  Courts generally cannot resolve factual disputes on a motion for summary judgment.  *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted).  However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust.  *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).[1]  After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust.  *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018).  The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal.  *See e.g.*, *Walker v.*

---

[1]  The Supreme Court's recent opinion in *Perttu v. Richards*, 605 U.S. 460 (2025), held that if the facts necessary for a ruling on exhaustion are intertwined with the merits of the claim, a jury trial is required. But the *Perttu* Court did not go so far as to extend the Seventh Amendment right to a jury trial to all exhaustion disputes.  In this case, there is no intertwinement of the facts, so *Perttu* does not require that this issue be determined at a jury trial.

*Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017)*.

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

There are no exceptions to the exhaustion requirement, however, the Supreme Court and Seventh Circuit have emphasized in recent years that the exhaustion process must be available. An "available" remedy is one that is "capable of use for the accomplishment of a purpose" and "is accessible or may be obtained." *Crouch v. Brown,* 27 F.4th 1315, 1320 (7th Cir. 2022) *citing Ross v. Blake, 578 U.S. 632, 642 (2016)*. If availability is at issue, the Court must resolve that issue before proceeding to the merits of the exhaustion dispute. *Wallace v. Baldwin,* 55 F.4th 535, 539 (7th Cir. 2022) (the district court must first consider the threshold question of if exhaustion was available). In *Dole* and *Gooch,* the Seventh Circuit considered situations where a process was unavailable due to acts or misrepresentations by prison administrators. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (finding that an inmate did all he could to exhaust a grievance

when he placed the appeal in his cell bars for mailing, but it got lost and he had no direction on what to do about a lost grievance); *Gooch v. Young*, 24 F.4th 624 (7th Cir. 2022) (finding the grievance process was unavailable where prison staff threatened Plaintiff and refused to give him the appropriate grievance form).

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. 20 ILL. ADMIN. CODE § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the responses from the grievance officer and CAO to his appeal. *Id.* If an inmate is appealing a grievance that the CAO determined to be of an emergency nature, then the ARB shall expedite processing of the appeal. 20 ILL. ADMIN. CODE § 504.850(f).

B. Analysis

The Defendant argues that Plaintiff did not appeal any grievances to the ARB. In fact, Defendant does not even acknowledge in her motion that Plaintiff ever submitted any relevant grievances at the prison level. Despite the lack of detail from Defendant, the Court reviewed the evidence and located grievance 220-12-22, which Plaintiff had

mentioned in the original complaint, and which he contends that he submitted for mailing to the ARB. In his response to summary judgment, Plaintiff states that the grievance process was made unavailable to him when he submitted his relevant grievances for mailing on appeal, but they were confiscated or not sent. Given the contradicting positions of the parties, the Court cannot resolve the issue of availability on paper, and thus it cannot rule on exhaustion. There is a genuine dispute about the availability of the grievance process.

## DISPOSITION

Defendants' Motion for Summary Judgment (Doc. 35) on the issue of exhaustion of administrative remedies is **DENIED. Defendants must file a notice within fourteen days (14) of this Order either withdrawing the affirmative defense of failure to exhaust or asking for a *Pavey* hearing concerning Grievance 220-12-22.** If Defendants fail to file a Notice, this case will proceed to merits discovery.

**IT IS SO ORDERED.**

Dated: July 28, 2026

_____
DAVID W. DUGAN
United States District Judge

## NOTICE TO PLAINTIFF

This Order is an initial decision that you have presented enough evidence to refute the defendant(s) arguments about the exhaustion of administrative remedies for your claims in this lawsuit. The defendant(s) now have the choice to withdraw their exhaustion argument, or to ask for a hearing to give more evidence about this issue. If the defendants withdraw the defense, you will get a scheduling order for next steps on the merits of your

claims.  If the defendants ask for a hearing, you will get an order that will explain next steps to prepare for the hearing.  Any hearing will be limited strictly to the 'dispute(s) of material fact' specifically identified in this Order.  You will not need to present evidence on anything other than what is specifically identified.  If a hearing is scheduled, you will be allowed to present evidence and testimony on your own behalf.  Details about a future hearing will be provided by future order if one is scheduled.  You do not need to do anything now.  The Defendants have 14 days to file a motion about what they want to do.  You will get a copy of that motion, and you will get further instructions once the Defendants have filed their motion.  Please be aware that there can be delays in the mailing of copies, so you should wait at least 30 days before asking for the status of this matter.